### O. C. Richardson, &c., v. Mary Richardson, &c.

**Guardian and Ward—Former Adjudication—Pleading—Demurrer.**

Where the answer, which was not made a cross-petition in an action for a balance due in the hands of a guardian, sets up a matter which might have been litigated in a former suit against the guardian by the ward to surcharge the guardian's settlement, and it does not appear that they were not litigated, a demurrer was properly sustained to the answer.

APPEAL FROM MEADE CIRCUIT COURT.

December 12, 1872.

Opinion by Judge Hardin :

This appeal involves an inquiry as to the sufficiency of the answer to which the court sustained a general demurrer. It appears from the petition, in such of its averments as are uncontroverted, that the appellant, O. C. Richardson, was the administrator of Albert C. Richardson, and also the guardian of his children, and in the latter capacity was chargeable with the assets remaining in his hand as administrator, and also with the proceeds of the sale of a tract of land, sold under a decision of the Meade Circuit Court, which he procured as guardian, and that having made a settlement before the county court, in which that court failed to charge him some amount of interest on the price of the land, the ward excepted to the settlement and, being overruled by that court, appealed to the circuit court, and exceptions being there sustained, the judgment of the circuit court was afterwards affirmed on the appeal of the guardian to this court.

Afterwards, that controversy having been remanded through the circuit court to the county court, for a final settlement of the guardian's account, a settlement was there made, and admitted to record, showing a balance in the guardian's hands of $1,380.80, to recover which this suit was brought. The principal defendant admitting in his answer, in addition to the foregoing facts, that long before either of the settlements we have stated were made or attempted, he had twice stated and settled as guardian before the judge of the county court, on which his final settlement must have

been based, claimed that by mistake in those settlements he had failed to have any allowance for his services and that in one of said settlements made in 1851 he was improperly charged with two hundred and twenty-two dollars and twenty-five cents, with which he was also credited, and furthermore that in his settlement as administrator he was improperly charged with $175.75, the value of property taken by the widow, and that by mistake in his subsequent settlement as guardian he failed to have that error corrected, and making his answer a cross-petition, he sought to be relieved against said mistakes, and to have credit for said sum.

It does not appear from the pleadings whether these matters were litigated in the appeal case or not, but as they might have been it should be presumed that, as the object of settling his accounts was to fix the balance against him as guardian, he asserted all the just claims he had to have credits allowed him, and especially so as the answer fails to state explicitly or definitely any sufficient reason why the allowances were not claimed in any of the several settlements preceding the last, and why they were not even claimed in that settlement. It seems to us the demurrer was rightly sustained and there is no error in the judgment.

Wherefore the same is *affirmed*.

*Walker, Fairley, for appellants*.

*Kincloe, Lewis, for appellees.*